In the Matter of WILLIAM T. ANDREWS, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 27, 1976

*John G. Bonomi* of counsel *(William A. Primerano* with him on the brief), for petitioner.

No appearance on behalf of respondent.

*Per Curiam.* Petitioner, Association of the Bar of the City of New York, moves to confirm the Referee's report and that the above-named respondent, an attorney at law, be adjudged guilty of professional misconduct and appropriately disciplined.

The respondent was admitted to practice in the First Department on May 9, 1927. He was charged with failing to co-operate with petitioner's Committee on Grievances in its investigation of several complaints that were made against him by his clients. The respondent failed to either submit an answer to the charge contained in the petition or to appear at the hearing conducted before the Referee.

Five of respondent's clients testified before the Referee and told substantially the same story, namely, that each of them retained the respondent, paid him part of his fee, that he failed to proceed with their matters or reimburse them and that they were unable to locate him thereafter, finding his office closed. The witnesses all agreed that respondent is elderly. That when they retained him at or about 1965, he maintained an office and had a secretary; that by 1970 they found him moving out or already gone without notice as to where he could be reached.

The respondent was requested to appear before the Grievance Committee. He agreed to do so on many occasions but failed to appear, possibly due to the proffered excuse of ill health. He also failed to respond to a judicial subpoena duces tecum properly served on him requiring his attendance before a subcommittee of petitioner's Committee on Grievances and requiring production of his files in the cases of the various clients who had complained against him.

The respondent is guilty of professional misconduct and the Referee's report is confirmed. We agree with petitioner, however, that there is evidence that respondent's failure to co-operate may be due to his advanced age and poor physical condition, and we consider these factors in mitigation.

The respondent should be suspended until the further order of this court.

KUPFERMAN, J. P., LUPIANO, CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York, effective February 27, 1976, until the further order of this court.